SIMPSON *v.* SIMPSON *et al.*

No. 10624. MAY 18, 1935.

W. L. Bryan and *Francis Fuller,* for plaintiff in error.
LaFayette C. Dotson and *F. L. Breen,* contra.

646

HUTCHESON, Justice. Mrs. G. M. Simpson, widow of G. M. Simpson, deceased, and mother of A. L. Simpson and R. B. Simpson, together with R. B. Simpson brought a petition against A. L. Simpson to cancel a deed executed by G. M. Simpson in his lifetime to one of the sons, A. L. Simpson. It was alleged, among other things, that the deed was without consideration, and was executed at a time when the grantor was seventy-two years of age, paralyzed, "dotish," and did not know what he was doing at the time of its execution; that the widow had an interest in the property as an heir at law of the deceased; that she had petitioned the court of ordinary for letters of administration of the estate of the deceased, and when this was granted she would become a plaintiff in her representative capacity; that the deed was procured from G. M. Simpson by A. L. Simpson through fraud and undue influence; that the grantor at the time he executed the deed was non compos mentis and incapable of transacting any business, and the grantee in the deed was aware of this condition; that the defendant is demanding rent for the use of the property, and has requested the employer of R. B. Simpson to withhold the amount of the rent from the pay check of R. B. Simpson. A copy of the purported deed is attached to the petition as an exhibit, and shows a stated consideration of one dollar. The prayers are for cancellation of the deed, that the defendant be enjoined from selling, transferring, or in any manner encumbering the property or interfering with plaintiffs' possession thereof, and that the same be administered according to law; and for general relief.

The defendant filed general and special demurrers to the petition. The judge overruled the general demurrer, and sustained all of the special demurrers, with leave to the plaintiff to amend within thirty days. To the judgment overruling the general demurrer the defendant excepted, before the expiration of the time within which the plaintiff was allowed to amend to meet the special demurrers.

■ The petition clearly alleges that the grantor in the deed was non compos mentis at the time he executed the deed; that he was aged, paralyzed, and not mentally capable of contracting; and that the defendant knew of this condition and procured the execution of the deed by his father through fraud. While the grantor had never been adjudicated insane so as to render the deed void, yet it

was voidable, and could be so declared in a suit brought by his heirs. *Cheves-Green & Co. Inc.* v. *Horton,* 177 *Ga.* 525, 526 (170 S. E. 491) ; *Warren* v. *Federal Land Bank of Columbia,* 157 *Ga.* 464, 467 (2) (122 S. E. 40). Under these authorities the widow and son of the deceased had a right, as heirs of the grantor, to maintain the present suit to cancel the deed. And see Code of 1910, § 3929, which declares: "Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law."

The petition alleged a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*